# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHEASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER FORD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 5:22-cv-00281-ACA-SGC |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| CORRECTIONS, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff Christopher Ford, a former police officer who is currently incarcerated at Limestone Correctional Facility, filed this lawsuit alleging various civil rights violations at the prison. (Doc. 1). He also moved for a temporary restraining order, asking, among other things, for the court to order Defendants not to transfer him out of the protective custody dormitory or change his classification. (Doc. 3 at 2). The magistrate judge issued a report recommending that the court deny the motion because Mr. Ford's fear of transfer or reclassification is speculative and a general order to obey the law is unenforceable. (Doc. 9). Mr. Ford objects on the ground that he has shown a real and immediate threat of harm from a transfer or reclassification because Alabama prisons are well-known to be violent and he is a former police officer. (Doc. 10).

Mr. Ford has not established any likelihood that he will be transferred or reclassified based on his filing of this lawsuit. His only specific allegation about transfer is that "an employee and agent of the Defendants" told him "he should not complain or he might be transferred to St. Clair Correctional Facility where the doors do not lock and he would be the target of other inmates." (Doc. 3 at 1 ¶ 3). Even assuming this person has authority to get an inmate transferred to another facility, a suggestion that complaints "might" result in a transfer does not rise to the level required to warrant the "extraordinary and drastic" remedy of injunctive relief. *GeorgiaCarry.Org, Inc. v. U.S. Army Corps of Eng'rs*, 788 F.3d 1318, 1322 (11th Cir. 2015). And, as the magistrate judge explained, a general order requiring Defendants to comply with the law is overly broad and unenforceable. *Burton v. City of Belle Glade*, 178 F.3d 1175, 1201 (11th Cir. 1999) (holding that where "the injunction does no more than instruct a defendant to 'obey the law,'" the injunction is too broad and vague to be enforced).

Accordingly, the court **OVERRULES** Mr. Ford's objections, **ADOPTS** the report, and **ACCEPTS** the recommendation. The court **DENIES** Mr. Ford's motion for a temporary restraining order.

**DONE** and **ORDERED** this May 17, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE